IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MYRON J. KYKTA, | ) |
| | ) |
| Plaintiff, | ) Case No. 13 CV 50325 |
| | ) |
| v. | ) Judge Thomas Durkin |
| | ) |
| JEFF CIACCIO and | ) |
| BOB BANDELIO JUANEZ, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COME the Defendants, JEFF CIACCIO and BOB BANDELIO JUANEZ, by and through their attorney, Paul Carpenter, Assistant State's Attorney for Winnebago County, Illinois, moves this court, pursuant to Rule 50 of the Federal Rules of Procedure, to enter judgment in their favor as a matter law with respect to Plaintiff's claim for compensatory and punitive damages, and in support thereof states as follows:

1. This is a Section 1983 Civil Rights action wherein Plaintiff alleges Defendants stopped his car, and searched his person, car, and home in violation of the Fourth Amendment.

2. Defendants filed an affirmative defense, asserting that they are entitled to Qualified Immunity for the actions that they took in good faith, and were reasonable under the circumstances, and did not violate any clearly established law.

3. "A plaintiff seeking to defeat a defense of qualified immunity must establish two things: first, that she has alleged a deprivation of a constitutional right; and second, that the right in question was 'clearly established.'" Miller v. Harbaugh, 2012

WL 5064985 (7th Cir. Oct. 19, 2012), citing Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

4. "Qualified immunity is intended to protect 'all but the plainly incompetent or those who knowingly violate the law,', and will accommodate reasonable errors 'because officials should not err always on the side of caution because they fear being sued.'" Biddle v. Martin, 992 F.2d 673, 678 (7th Cir. 1993), quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986) and Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991).

5. Plaintiff seeks compensatory damages against Defendants.

6. In order to prevail on his claim for compensatory damages Plaintiff must prove Defendants Ciaccio and Juanez each unlawfully stopped his car and searched his person, car, and home.

7. The incident which is the subject of Plaintiff's lawsuit occurred in the course of arresting the Plaintiff. At all times relevant to this cause of action, Defendants Ciaccio and Juanez were deputy sheriffs acting within the scope of their employment, and Plaintiff was the subject of an arrest.

**Traffic stop**

8. Defendants Ciaccio and Juanez had information from a confidential informant that the Plaintiff was delivering drugs. This provided reasonable suspicion to stop his car, to do an investigative stop ("*Terry* stop").

9. Whether the confidential informant's conversations were recorded, or was previously used as an informant is irrelevant. In Alabama v. White, 496 U.S. 325, 110 S.

Ct. 2412, 110 L. Ed. 2d 301 (1990), the Supreme Court held that even an anonymous tip, if corroborated by independent police work, can provide sufficient reasonable suspicion for an investigative stop of a vehicle.

10. Here, the Defendant-officers had more than an anonymous tip, as they knew the informant's identity, and knew that the informant had an incentive to provide reliable information—specifically, he had pending drug charges against him.

11. As a result, the Defendant-officers reasonable suspicion to stop the Plaintiff's car based on the information regarding his sale of drugs.

12. Even if the Defendant-officers did not have reasonable suspicion, the Defendant-officers had probable cause to believe that the Plaintiff committed a traffic offense.

13. Deputy John Berg testified that he saw Myron Kykta's vehicle run a stop sign, and, most importantly, he radioed that information to the Defendant-officers.

14. There is no evidence that the Defendant-officers had reason to believe that Deputy Berg would be providing them with untrue information.

15. Under the Collective Knowledge Doctrine, the Defendant-officers could rely on Deputy Berg's observation, as long as they acted on objective reliance on the information received, and Deputy Berg had observed the facts supporting the level of suspicion required to stop the car, and that the stop was not more intrusive than would have been permissible had Deputy Berg conducted the stop. United States v. Williams, 627 F.3d 247, 252–53 (7th Cir. 2010).

**Arrest**

16. Additionally, the Defendant-officers did not violate the Plaintiff's Fourth Amendment rights, when they arrested him, even taking the evidence in the light most favorable to the Plaintiff. In Atwater v. City of Lago Vista, 532 U.S. 318, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001), the Supreme Court held that the Plaintiff's Fourth Amendment rights against unreasonable seizures were not violated when she was arrested only for non-jailable traffic offenses.

17. Of course, the Defendants did not arrest the Plaintiff for traffic offenses. But a Plaintiff's Fourth Amendment rights are not violated, as long as there is probable cause to arrest for some offense, and not necessarily for the offense articulated at the time of the arrest. Jackson v. Parker, 627 F.3d 634 (7th Cir. 2010). *Jackson* involves a §1983 Plaintiff who was arrested for Driving Under the Influence. The Seventh Circuit found that because there was evidence constituting probable cause that the Plaintiff had committed violations of Chicago's motor vehicle ordinances, the arrest was lawful.

18. The Seventh Circuit also noted that an officer's subjective motivations do not affect the constitutional reasonableness of an arrest. Jackson v. Parker, 627 F.3d 634, 638 (7th Cir. 2010). Whether or not the officer is trying to "frame" a defendant, or the stop is a pretext, as long as there was probable cause for the arrest of some crime, it is not a violation of an individual's rights.

**Search of person**

19. Because there was probable cause for the Plaintiff's arrest, his claim for unlawful search of his person must also fail. In Arizona v. Gant, 556 U.S. 332, 339, 129 S. Ct. 1710, 1716, 173 L. Ed. 2d 485 (2009), the Supreme Court noted the lawfulness of

the search of an arrestee's person, incident to arrest, while limiting the search of an arrestee's automobile.

**Search of vehicle**

20. Plaintiff's claim that the search of his vehicle was unlawful also fails. The search of the Plaintiff's vehicle was lawful if they had probable cause that the vehicle contained contraband. (Preliminary jury instruction 26). By the time the Plaintiff's vehicle was searched, they had corroborated the information from the informant, in that Plaintiff was traveling toward the informant, at the time expected, and they had discovered cocaine consistent with the "two eight-balls" that the informant had ordered.

**Compensatory damages for property damage**

21. Plaintiff's claim for property damage as a result of the search to the Plaintiff's home is not supported by evidence. While Plaintiff and his girlfriend testified that their home was "ransacked," they did not produce any value of the damage to the home. Jeanna Cottrell testified that it took her a week to clean up the home, but she is not the Plaintiff. Permitting the Plaintiff to seek recovery for unspecified damages invites the jury to speculate as to such damages. While Plaintiff may seek nonspecific damages for pain and suffering and the like, he may not seek unspecified damages for the value of damaged property. It is akin to an injured plaintiff seeking compensation for a broken arm without submitting medical bills—that plaintiff may still recover for pain and suffering, but without the bills, the jury cannot just be asked to speculate on the value of the medical treatment provided. Similarly, the jury here cannot be permitted to speculate on the value of unspecified and unidentified "broken dishes" and a "broken closet door."

**WHEREFORE,** Defendants Jeff Ciaccio and Bob Bandelio Juanez move this Court to dismiss Plaintiff's claims for compensatory damages for the claims set forth above and for punitive damages.

JEFF CIACCIO,
BOB BANDELIO JUANEZ,
Defendants

BY: /s/        Paul Carpenter
Paul Carpenter

PAUL CARPENTER, #6274660
Assistant State's Attorney
Civil Bureau
400 West State Street, Suite 804
Rockford, Illinois 61101
(815) 319-4799
ATTORNEY FOR DEFENDANTS
pcarpenter@wincoil.us

CERTIFICATE OF SERVICE

        The undersigned hereby certifies that he electronically filed the foregoing Motion for Judgment as a Matter of Law on November 6, 2019, with the Clerk of the U.S. District Court, which will serve the following counsel of record:

Elizabeth Brooke Herrington     beth.herrington@morganlewis.com, chcalendardepartment@morganlewis.com, rebecca.zieben@morganlewis.com, rhoda.morris@morganlewis.com, sarah.wasson@morganlewis.com

Heather Jean Nelson     heather.nelson@morganlewis.com, elsa.doi@morganlewis.com

/S/ Paul Carpenter